FILED IN
COURT OF CRIMINAL APPEALS

April 27, 2015

ABEL ACOSTA, CLERK

AP-Ï Î Ê Î I
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/24/2015 4:18:22 PM
Accepted 4/27/2015 9:07:36 AM
ABEL ACOSTA
CLERK

NO. AP-76,464

IN THE COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

*EX PARTE NEAL HAMPTON ROBBINS, Applicant*

IN THE 410TH DISTRICT COURT
OF MONTGOMERY COUNTY, TEXAS

*Application for Writ of Habeas Corpus
from the 410th District Court of Montgomery County, Texas
No. 98-06-00750-CR-A*

APPLICANT'S SUPPLEMENTAL MOTION FOR
RECONSIDERATION ON COURT'S OWN MOTION

*TO THE JUDGES OF THE COURT OF CRIMINAL APPEALS*:

NEAL HAMPTON ROBBINS, Applicant, by Counsel, BRIAN WICE,

pursuant to TEX.R.APP.P. 79(2)(d), files this Supplemental Motion for

Reconsideration on this Court's Own Motion and in support thereof shows

this Court the following:

STATEMENT OF THE CASE AND PROCEDURAL HISTORY

The statement of the case, its procedural history, and disposition

may be found in **Ex parte Robbins**, ___ S.W.3d ___ 2014 WL 6751684

(Tex.Crim.App. Nov. 26, 2014). Simply put, this Court granted Applicant

habeas corpus relief in a 5-4 decision, with six different members of this

1A

Court issuing separate opinions. Two days before its motion for rehearing was due, the State filed a request for an extension asking for an additional 30 days to do so. Less than 24 hours after Applicant's motion objecting to the State's request was filed, this Court, over the dissents of Judges Price, Johnson, Cochran and Alcala, gave the State until December 18, 2014 to file its motion for rehearing, noting that no additional extensions would be entertained. The State's motion has been pending ever since.[1]

JURISDICTION

This Court, on its own initiative, may reconsider a prior denial of habeas corpus relief. **Ex parte Moussazadeh**, 361 S.W.3d 684, 687 (Tex.Crim.App. 2012).

GROUND FOR RECONSIDERATION ON THIS COURT'S OWN MOTION

> *Applicant is entitled to habeas corpus relief because he was denied a fundamentally fair trial with an accurate result.*

ARGUMENT AND AUTHORITIES

On January 1, 2015, three new members of this Court took their

---

[1] By contrast, two motions for rehearing filed by the State in cases which it lost in late 2014 were acted on with relative alacrity. In **Cameron v. State**, PD-1427-13, a 6-3 decision, the State's motion for rehearing was filed on November 7, 2014 and granted on January 28, 2015. And, in **State v. Villarreal**, PD-0306-14, a 5-4 decision, the State's amended motion for rehearing was filed on December 19, 2014 and granted on February 25, 2015.

seats, replacing the three members of the Court, constituting 3/5 of the majority in **Robbins II**. The three new members have undoubtedly poured over the briefs of the parties, the many amicus briefs filed on Applicant's behalf, the oral argument recording, the State's motion for rehearing, and the responses thereto filed by Applicant and his amicus. But it is certainly possible that the newest members may not have realized that a motion for reconsideration of **Robbins I** on this Court's own motion was filed on November 4, 2013, one never acted on given the Court's grant of relief in **Robbins II**.

This motion is filed to not only bring Applicant's original motion for reconsideration on its own motion to the attention of the Court, but to provide it with both the opportunity and the vehicle for it to honor what four judges in **Robbins I** and five judges in **Robbins II** have made clear:

> "[I]f the criminal justice system – even when its procedures were fairly followed – reaches a patently inaccurate result ... the judicial system has an obligation to set things straight. Our criminal justice system makes two promises to its citizens: a fundamentally fair trial and an accurate result. If either of those two promises are not met, the criminal justice system itself falls into disrepute and will eventually be disregarded."

**Ex parte Thompson**, 153 S.W.3d 420, 421 (Tex.Crim.App. 2005)(Cochran,

3

J., joined by Holcomb, J., *concurring*); **see also** <u>Ex parte Henderson</u>, 384 S.W.3d at 850 (Cochran, J., *concurring*)("I agree that applicant did not receive a fundamentally fair trial based upon reliable scientific evidence."). Because Applicant's trial was not fair and did not produce a reliable result, the Court, three members of which did not participate in either <u>Robbins I</u> or <u>Robbins II</u>, should now reconsider its earlier denial of relief in <u>Robbins I</u> and conclude that Applicant is entitled to a new trial.

<u>P</u>RAYER FOR <u>R</u>ELIEF

Applicant prays that this Court grant this motion for reconsideration on its own motion in <u>Robbins I</u> in the event it grants rehearing in <u>Robbins II</u>, grant the relief herein requested, and, for all the reasons previously stated, deny the State's motion for rehearing in <u>Robbins II</u>.

RESPECTFULLY SUBMITTED,

/s/ Brian W. Wice

_____

**BRIAN W. WICE**
440 Louisiana   Suite 900
Houston, Texas 77002-1635
(713) 524-9922  PHONE
(713) 236-7768  FAX
Bar No. 21417800

**COUNSEL FOR APPLICANT**
Neal Hampton Robbins

4

## CERTIFICATE OF SERVICE

Pursuant to TEX.R.APP.P. 9.5(d), this document was served Bill Delmore of the Montgomery County District Attorney's Office, 301 North Thompson, Conroe, Texas, 77301, and on State Prosecuting Attorney Lisa McMinn, P.O. Box 130046, Austin, Texas, 78711, by e-filing on April 24, 2015.

/s/ Brian W. Wice

_____

BRIAN W. WICE